UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

              Plaintiff,

v.

D-1 Rodney Duane Obryan,

              Defendant.

No. 18-cr-20719

Hon. Thomas L. Ludington

Offense:
21 U.S.C. §§ 846 and 841(a)(1)
Conspiracy to Possess with Intent to
Distribute and to Distribute Cocaine
**Maximum Penalty:**
40 years (Count 1)
**Maximum Fine:**
Not to exceed $5,000,000
**Mandatory Supervised Release:**
8 years to life

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Rodney Duane Obryan and the government agree as follows:

1.    **Guilty Plea**

    A.    **Count of Conviction**

Defendant will enter a plea of guilty to Count One of the Indictment, which charges him with conspiracy to possess with intent to distribute and to distribute cocaine, in violation of 21 U.S.C. §§ 846 and 841(a)(1).

    B.    **Elements of Offense(s)**

The elements of Count One are as follows:

1.  That two or more persons conspired, or agreed to commit the crimes of possessing with intent to distribute and to distribute cocaine;

2.  That the defendant knowingly and voluntarily joined the conspiracy; and

3.  The overall scope of the conspiracy involved more than 500 grams of cocaine, an amount attributable and reasonably foreseeable to the defendant.

    C.    **Factual Basis for Guilty Plea**

The parties agree that the following facts are true, and are a sufficient basis for defendant's guilty plea:

Since at least the summer of 2017, and continuing until November 7, 2018, in the Eastern District of Michigan, Defendant knowingly conspired and agreed,

- 2 -

together and with other persons, to possess with intent to distribute and to distribute in excess of 5 kilograms of a mixture or substance containing a detectable amount of cocaine, all of which is attributable to defendant as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him.

As part of the conspiracy, Defendant conspired to obtain kilograms of cocaine from various suppliers across the State of Michigan for distribution to other members of the conspiracy and for subsequent re-distribution to cocaine dealers in the Eastern District of Michigan. Defendant acknowledges that he was an organizer of one or more of the participants in the conspiracy to distribute cocaine and that the conspiracy to distribute cocaine involved five or more participants. Defendant used multiple telephones to facilitate the distribution of the cocaine.

During the execution of a search warrant at Defendant's residence on November 7, 2018, law enforcement officers seized $11,500 in U.S. Currency which Defendant possessed in connection with the conspiracy to possess with the intent to distribute, and to distribute, cocaine.

Defendant acknowledges that he was previously convicted of multiple crimes which makes him eligible for an enhanced penalty pursuant to 21 U.S.C. § 851. Specifically, the defendant acknowledges that on November 16, 1992, in case

- 3 -

number 91005332FH, he was convicted of Del/Mfg of narcotics under 50 grams in the 10th Circuit Court, Saginaw County, MI and he was sentenced to 96 months to 240 months in prison and was released from prison on or about June 1, 2010. Defendant further acknowledges that on November 16, 1992, in case number 91-5738FH2, he was convicted of Del/Mfg of narcotics under 50 grams in the 10th Circuit Court, Saginaw County, MI and he was sentenced to 96 months to 240 months in prison and was released from prison on or about June 1, 2010.

2.  **Sentencing Guidelines**

    A.  **Standard of Proof**

        The Court will find sentencing factors by a preponderance of the evidence.

    B.  **Agreed Guideline Range**

        There are no sentencing guideline disputes. Except as provided below, the defendant's guideline range is **135-168 months**, as set forth on the attached worksheets. If the Court finds:

        1.  That defendant's criminal history category is higher than reflected on the attached worksheets, or

        2.  that the offense level should be higher because, after pleading guilty, defendant made any false statement to or withheld information from his probation officer; otherwise demonstrated a

- 4 -

> lack of acceptance of responsibility for his offense; or obstructed
>
> justice or committed any crime,

and if any such finding results in a guideline range higher than **135-168 months**, the higher guideline range becomes the **agreed range**. However, if the Court finds that defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in the agreed range.

Neither party may take a position concerning the applicable guidelines that is different from any position of that party as reflected in the attached worksheets, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3. **Sentence**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A. **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range as determined by Paragraph 2B. However, the court must impose a sentence of imprisonment of at least **120 months**.

B.     **Supervised Release**

A term of supervised release follows the term of imprisonment. The Court

must impose a term of supervised release, which in this case is 8 years to life. The

agreement concerning imprisonment described above in Paragraph 3A does not

apply to any term of imprisonment that results from any later revocation of

supervised release.

C.     **Fine**

There is no agreement as to fines.

D.     **Restitution**

Restitution is not applicable to this case.

4.     **Other Charges**

If the Court accepts this agreement, the government will dismiss all

remaining charges in this case.

5.     **Forfeiture**

Defendant agrees to the forfeiture of the $11,500 in U.S. Currency as

property which constitutes, or is derived from, proceeds that Defendant obtained,

directly or indirectly, as a result of Defendant's violation of Count One of the

Indictment, and/or because it is property used, or intended to be used, to commit,

or to facilitate the commission of, Defendant's Count One offense.

With respect to the U.S. Currency referenced within this agreement, the
Defendant agrees to the entry of one or more orders of forfeiture of his interest in
such property upon application by the United States at, or any time before, his
sentencing in this case.

In entering into this agreement with respect to forfeiture, Defendant
knowingly, voluntarily, and intelligently waives any challenge to the above-
described forfeiture based upon the Excessive Fines Clause of the Eighth
Amendment to the United States Constitution.

Defendant acknowledges that he understands that the forfeiture of assets is
part of the sentence that may be imposed in this case and waives his right to
challenge any failure by the court to advise him of his rights with respect to
forfeiture, set forth in Fed.R.Crim.P. 11(b)(1)(J). Defendant also expressly waives
his right to have a jury determine the forfeitability of his interest in the above
identified U.S. Currency as provided by Rule 32.2(b)(5) of the Federal Rules of
Criminal Procedure. Defendant also agrees that, if requested by the United States,
he will testify truthfully in any related forfeiture proceeding regarding facts
relating to the above-identified property to be forfeited.

6.    **Each Party's Right to Withdraw from This Agreement**

The government may withdraw from this agreement if the Court finds the
correct guideline range to be different than is determined by Paragraph 2B.

- 7 -

Defendant may withdraw from this agreement, and may withdraw his guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Paragraph 3. This is the only reason for which defendant may withdraw from this agreement. The Court shall advise defendant that if he does not withdraw his guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Paragraph 3.

7.    **Appeal Waiver**

The defendant waives any right he may have to appeal his conviction on any grounds. If the defendant's sentence of imprisonment does not exceed **168 months**, the defendant also waives any right he may have to appeal his sentence on any grounds.  If the defendant's sentence of imprisonment is at least **135 months**, the government waives any right it may have to appeal the defendant's sentence.

This waiver does not bar filing a claim of ineffective assistance of counsel in court.

8.    **Consequences of Withdrawal of Guilty Plea or Vacation of Conviction**

If defendant is allowed to withdraw his guilty plea or if any conviction entered pursuant to this agreement is vacated, the Court shall, on the government's request, reinstate any charges that were dismissed as part of this agreement. If additional charges are filed against defendant within six months after the date the order vacating defendant's conviction or allowing him to withdraw his guilty plea

- 8 -

becomes final, which charges relate directly or indirectly to the conduct underlying the guilty plea or to any conduct reflected in the attached worksheets, defendant waives his right to challenge the additional charges on the ground that they were not filed in a timely manner, including any claim that they were filed after the limitations period expired.

9.    **Collateral Consequences of Conviction**

The defendant understands that his convictions here may carry additional consequences under federal or state law. The defendant understands that, if he is not a United States citizen, his convictions here may require him to be removed from the United States, denied citizenship, and denied admission to the United States in the future. The defendant further understands that the additional consequences of his convictions here may include, but are not limited to, adverse effects on the defendant's immigration status, naturalized citizenship, right to vote, right to possess or carry a firearm or ammunition, right to serve on a jury, and ability to hold certain licenses or to be employed in certain fields.  The defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status.  The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences or other collateral consequences of his conviction.

- 9 -

10. **Parties to Plea Agreement**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Attorney's Office for the Eastern District of Michigan.

11. **Scope of Plea Agreement**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties. This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court. Thus, no oral or written promises made by the government to defendant or to the attorney for the defendant at any time before defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against defendant, or any forfeiture claim against any property, by the United States or any other party.

- 10 -

12.   **Acceptance of Agreement by Defendant**

This plea offer expires unless it has been received, fully signed, in the Office

of the United States Attorney by 5:00 P.M. on 08/02/2019. The government

reserves the right to modify or revoke this offer at any time before defendant

pleads guilty.

Matthew Schneider
United States Attorney


_____            _____
Anthony P. Vance                     Timothy M. Turkelson
Assistant United States Attorney     Assistant United States Attorney
Chief, Branch Offices

Date: 07/16/2019

By signing below, defendant acknowledges that he has read (or been read) this
entire document, understands it, and agrees to its terms. He also acknowledges that
he is satisfied with his attorney's advice and representation. Defendant agrees that
he has had a full and complete opportunity to confer with his lawyer, and has had
all of his questions answered by his lawyer.


_____            _____
Ebony Ellis                          Rodney Duane Obryan
Attorney for Defendant               Defendant

7-27-19                              7-27-2019
_____            _____
Date                                 Date


- 11 -

# WORKSHEET A
# OFFENSE LEVEL

Defendant **Rodney Duane Obryan**                    District/Office **Eastern District of Michigan**

Docket Number **18-cr-20719**

Count Number(s) **1**                    U.S. Code Title & Section **21** ; **U.S.C 846** ; **21** ; **USC 841(a)(1)**

*Guidelines Manual* Edition Used: 20 **18** (Note: The Worksheets are keyed to the November 1, 2016 *Guidelines Manual*)

## INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.* *Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. **Offense Level** (See Chapter Two)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2D1.1(a)(c)(5) | At least 5 Kilograms but less than 15 kilograms of cocaine | 30 |
| | | |
| | | |
| | | |
| | | |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.          Sum [ ]

### 2. **Victim-Related Adjustments** (See Chapter Three, Part A)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          § _____          [ 0 ]

### 3. **Role in the Offense Adjustments** (See Chapter Three, Part B)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".          § 3B1.1(a)          [ 4 ]

### 4. **Obstruction Adjustments** (See Chapter Three, Part C)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".          § _____          [ 0 ]

### 5. **Adjusted Offense Level**

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.          [ 34 ]

[✓] Check here if all counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

[ ] If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

# WORKSHEET B
# MULTIPLE COUNTS*

Defendant ___Rodney Duane Obryan___    Docket Number ___18-cr-20719___

## INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

1. **Adjusted Offense Level for the First Group of Counts**

   Count number(s) _____                                   [  ] _____ Unit

2. **Adjusted Offense Level for the Second Group of Counts**

   Count number(s) _____                                   [  ] _____ Unit

3. **Adjusted Offense Level for the Third Group of Counts**

   Count number(s) _____                                   [  ] _____ Unit

4. **Adjusted Offense Level for the Fourth Group of Counts**

   Count number(s) _____                                   [  ] _____ Unit

5. **Adjusted Offense Level for the Fifth Group of Counts**

   Count number(s) _____                                   [  ] _____ Unit

6. **Total Units**

                                                                 _____ Total Units

7. **Increase in Offense Level Based on Total Units** (See §3D1.4)

   | 1 unit: | no increase | 2½ – 3 units: | add 3 levels |
   | 1½ units: | add 1 level | 3½ – 5 units: | add 4 levels |
   | 2 units: | add 2 levels | More than 5 units: | add 5 levels |

   [  ]

8. **Highest of the Adjusted Offense Levels from Items 1–5 Above**

   [  ]

9. **Combined Adjusted Offense Level** (See §3D1.4)

   Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1.        [  ]

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (see §1B1.2(d)); offense guidelines that direct such application (e.g., §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (see §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

# WORKSHEET C
# CRIMINAL HISTORY
[Page 1 of 2]

Defendant **Rodney Duane Obryan**                    Docket Number **18-cr-20719**

*Note:* As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** Summer of 2017

(The date of *the defendant's commencement of the instant offense*(s))

## 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note:* Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note:* A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 11/12/1985 | Entry w/out permission | 15D | | | 0 |
| 04/25/1988 | Att. CCW | 13D, 2 Years prob | | | 0 |
| 07/13/1989 | Del/Mfg narcotic less than 50 grams | 365D | | | 0 |
| 11/16/1992 | Del/Mfg Schedule 4 substance | 96M-240M | | | 0 |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant  Rodney Duane Obryan

Docket Number  18-cr-20719

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| 11/16/1992 | Del/Mfg. under 50 grams | 96M-240M | | | 0 |
| 11/16/1992 | Del/Mfg. under 50 grams | 96M-240M | | | 3 |
| 11/16/1992 | Del/Mfg. narcotic 25-49 grams | 96M-240M | | | 0 |
| 04/09/2018 | Impaired driving | 10M Probation | | | 1 |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

## 3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

## 4. "Status" of Defendant at Time of Instant Offense

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

Defendant committed portions of this crime while on probation for his Impaired driving

`2`

## 5. Crimes of Violence

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

`0`

## 4. Total Criminal History Points (Sum of Items 3–5)

`6`

## 5. Criminal History Category (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

`III`

# WORKSHEET D
# DETERMINING THE SENTENCE
## [Page 1 of 4]

Defendant __Rodney Duane Obryan__    Docket Number __18-cr-20719__

---

**1. Adjusted Offense Level** (From Worksheet A or B)
If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.　　**34**

**2. Acceptance of Responsibility** (See Chapter Three, Part E)
Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".　　**− 3**

**3. Offense Level Total** (Item 1 less Item 2)　　**31**

**4. Criminal History Category** (From Worksheet A or C)
Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.　　**III**

**5. Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

　a. **Offense Level Total**
　If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

　b. **Criminal History Category**
　If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

**6. Guideline Range from Sentencing Table**
Enter the applicable guideline range from Chapter Five, Part A, in months.　　**135** to **168**

**7. Restricted Guideline Range** (See Chapter Five, Part G)
If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (see §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".　　to

☐ Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8. Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐ If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

---

U.S. Sentencing Commission Worksheets (November 1, 2016)

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant **Rodney Duane Obryan**        Docket Number **18-cr-20719**

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by:*

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☐ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **Rodney Duane Obryan**                    Docket Number **18-cr-20719**

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

### a. Imposition of a Term of Supervised Release:

☑ Ordered because required by statute (See §5D1.1(a)(1)).

☐ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is **not** ordered although a sentence of more than one year is imposed, because it is not required by statute **and** the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (See §5D1.1(b)).

### b. Length of Term of Supervised Release

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☐ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☑ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

   4    years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:
**N/A**

b. Enter whether restitution is statutorily mandatory or discretionary:

c. Enter whether restitution is by an order of restitution, or **solely** as a condition of supervision. Enter the authorizing statute:

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant  Rodney Duane Obryan                Docket Number  18-cr-20719

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|

**a.  Special Fine Provisions**

[✓] Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts.    $5,000,000

**b.  Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.    $30,000    $300,000

**c.  Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 13(b)) and the greater maximum above (Item 13(a) or 13(b))).    $30,000    $5,000,000

**d.  Ability to Pay**

[ ] Check this box if the defendant does not have an ability to pay.

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**    $100

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

Completed by  Timothy Turkelson                Date  2/27/2019